MARIETTA ABELL ET AL. *v.* BEN F. ABELL ET AL.

**Action for Settlement of Estate by Remaindermen.**

.Generally, an action for a settlement of an estate can not be maintained by remaindermen, but under some conditions such an action may be maintained in order that the remaindermen .may ascertain the extent of their interest in the estate.

**Lien on Heirs' Interest in Real Estate.**

While heirs, by reason of assets received, may be liable for the debts of, the ancestor to the extent of property received, the creditor has no lien on such property, but the remedy must be by execution on judgment procured.

**Remedy at Law First Exhausted.**

The remedy at law must be exhausted before the chancellor will take jurisdiction to cancel even fraudulent conveyances, and equity will not give a remedy to reach property received by an heir from an

ancestor, to satisfy claims against the ancestor's estate. The law gives an adequate remedy in such a case.

### APPEAL FROM MARION CIRCUIT COURT.

#### March 24, 1881.

OPINION BY JUDGE PRYOR:

After the objections interposed by the appellants to the substitution of the appellees as plaintiffs in the action in equity, instituted by the administrator de bonis non, the appellants filed answers and cross-petitions, in which the estates of both John H. Abell and L. A. Abell are settled in this controversy, and the representatives of John H. Abell are seeking a judgment against the appellants. The matters on the cross-petition of the John H. Abell representatives the court could certainly consider, and the claims are so blended that one can not be determined without the other. Why Mrs. Abell, the owner for life of all of this estate, ceased to be a plaintiff in the action does not appear, and how a judgment can be rendered for a party not asking it, or for those not entitled, is not perceived.

She was certainly barred by limitation, and the only reason that the children are not barred is that they are not entitled to the estate until the death or marriage of their mother; but if, being permitted to sue, as well as the life tenant, at any time, there is no reason why the statute, when running against the party entitled, should not also run against the other parties in interest. The infants are certainly not entitled to the money, and the mother leaving the case without any assignment of her interest destroyed the right of recovery on the part of the children; and the only question is, could they require a settlement under the circumstances of this case in order that they might know what was in the executor's hands? This estate had been administered upon for more than twenty years. The executor had died and his estate was being distributed, and the remaindermen were certainly interested in ascertaining what was in the hands of the executor and the amount to which they were entitled at the death of the life tenant. Ordinarily an action for a settlement could not be maintained by those in remainder; but under the facts of this case there was much reason why a court of equity should take cognizance of the case in order that those in remainder might know the extent of their interest, and this is all the relief they are entitled to.

9

Besides, this court ascertains that the conveyance made by John Abell in his lifetime to his sons was made in good faith, and yet adjudges that these appellants have a lien on the land for the satisfaction of the judgment. This is erroneous. If the parties are liable as heirs or distributees by reason of assets received a judgment should be rendered against them, but there is no lien on their estate, nor any reason why the debt could not be made by an ordinary execution. In fact, such is the rule; the remedy at law must be exhausted before the chancellor will take jurisdiction to cancel even fraudulent conveyances. We have examined the proof in this case carefully, and there is no reason to complain of the amount found due by the settlement. After the lapse of so many years the chancellor will presume that the debts of the testator were discharged by his executor. The proof shows that he owed as much or more than came to the hands of his father, and the widow, who was entitled to this money, has stood by, and by her silence for nearly a quarter of a century sustained this assumption of the chancellor; and we are not inclined to conclude that the debts paid and the expenditures made by the father of appellants' testator would more than balance the claims set up by the appellants; but the commissioner below has sifted all of these transactions and given credit for all the claims that have been really proven, and we will therefore not disturb the amount found due by the settlement and to which the widow is entitled. We concur with the court below that the transactions between John Abell and his sons were bona fide, and ought not to be disturbed.

On the return of this cause the widow may, by amended petition, reduce the amount due to the estate, or may relinquish in favor of the children; if so, the executions may go in their names. This is the only solution of the trouble this case has gotten into by reason of the pleadings.

Judgment *reversed* on the cross-appeal and *affirmed* on the original appeal.

*Russell & Avritt, for appellants.*

*Rountree & Lisle, for appellees.*